William J. Sullivan, J.
In this proceeding pursuant to article 78 of the CPLR, respondents move to dismiss the petition. The proceeding was brought to compel respondents to permit petitioner to inspect and obtain copies of certain checks and account records “ relative to travel and other reimbursable expenses of the District Attorney’s office dating from January 1, 1970 to date ”.
The motion to dismiss is based upon three main grounds. Two of the grounds are procedural and the court will deal with them first.
One contention of the respondents is that this proceeding is jurisdictionally defective in that the order to show cause was not served upon the Attorney-General. It is argued that the District Attorney of Nassau County is a “ state officer ” and that notice of an article 78 proceeding against a State officer must be given to the Attorney-General under the provisions of subdivision (c) of CPLR 7804. The Court of Appeals, however, has expressly held in Fisher v. State of New York (10 N Y 2d 60) that a district attorney is a “ local officer ” and not a “ state officer ” as those terms are defined in section 2 of the Public Officers Law. The case of Spielman Motor Co. v. Dodge (295 U. S. 89) relied on by respondents was distinguished in the Fisher case on the ground that it dealt only with special statutory language of the United States Judicial Code (36 U. S. Stat. 1087), i.e., the meaning of the term “ state officers ” under section 266 of said code (36 U. S. Stat. 1162 [now U. S. Code, tit. 28, § 2281]). There is no need to go any further than the Fisher case (supra) to conclude that petitioner was not required to serve the Attorney-General in this case.
The other procedural argument of respondents, that petitioner did not comply with the requirements of subdivision 8 of section 88 of the Public Officers Law prior to the commencement of this proceeding, is summarily dispos'ed of. It is clear from the papers herein that the correspondence between petitioner *302 and the District Attorney sufficiently complies with the requirements of that section of the statute.
The most important objection to this proceeding goes to the very right to maintain it. In essence it is claimed by respondents that the fact that the District Attorney has classified certain records as “ confidential ” precludes any inquiry by a citizen taxpayer. There is some precedent for this claim in earlier decisions dealing with other statutes or laws.
The broad definition of “ public records ” found in section 51 of the General Municipal Law makes “ All books of minutes, entry or account, and the books, bills, vouchers, checks * * * used or filed in the office of * * * any officer * * * acting for or on behalf of any county * * * public records * * * open * * * to the inspection of any taxpayer ”.
Section 66 of the Public Officers Law (prior to its repeal by chapter 578 of the Laws of 1974, effective September 1, 1974) provided that the “ records or other papers in a public office ” be made available to the public. Section 2207 of the County Government Law of Nassau County affords access to the public of records of public officials of the county, except that it specifically excludes books and records of the police department and the district attorney’s office. In 1941, subsequent to the enactment of .the County Government Law of Nassau County, section 66-a was added to the Public Officers Law. Mr. Justice Meyer, in discussing the effect of section 66-a in Scott v. County of Nassau (43 Misc 2d 648) impliedly accepted the rule that section 2207 of the County Government Law of Nassau County constituted a restriction upon section 51 of the General Municipal Law. The Court of Appeals in Matter of Cherkis v. Impellitteri (307 N. Y. 132) recognized that the New York City Charter limited the effect of section 51 of the General Municipal Law where there were -exemptions similar to those in section 2207 of the County Government Law of Nassau County (L. 1936, ch. 879, as amd.) (see, also, Matter of McGahan v. Wagner, 8 Misc 2d 337). In short, it can be said that prior to the enactment of the “ Freedom of Information Law ” (Public Officers Law, art. 6) by chapter 578 of the Laws of 1974, effective September 1, 1974, there was no question but that once a district attorney labeled a particular file as confidential there was no further appeal by a citizen. The opinion of the State Comptroller, No. 68-748 (24 Opns. St. Comp., 1968, p. 714) cited by respondents was fully in accord with the law at the time that it was issued.
The repeal of section 66 of the Public Officers Law, and the adoption of the new article 6 of that statute entitled “ Freedom *303 of Information Law ” by the 1974 Legislature enunciates a far more liberal policy and philosophy in this State of the public’s “ right to know ” with respect to decisions and actions of public officials. The legislative intent is expressed in the fourth paragraph of section 85 of the new statute as follows: “ The legislature therefore declares that government is the public’s business and that the public, individually and collectively and represented by a free news media, should have unimpaired access to the records of government ”. The emphasis is no longer merely upon prevention of corruption or waste; it is, rather, upon a new concept of participation in government by all citizens. There is nothing in any of the prior disclosure statutes (General Municipal Law, § 51; Public Officers Law, § 66) that is comparable to it. It reflects a broad policy as to the right of a citizen to know what is going on in his government.
In opposing the petitioner’s application, the respondent District Attorney asserts that the records in question marked “ confidential ” were so labeled by him “ because they concern themselves with investigations, trials and the identity of informants ”. The Legislature in enacting the new statute has recognized that some limitation should be placed upon the right of the public to information in the area of law enforcement. Accordingly, subdivision 7 of section 88 provides in pertinent part that the provisions of subdivision 1 permitting access to records shall not apply to information that is “ part of investigatory files compiled for law enforcement purposes ’ ’. The need to retain the confidentiality of files of that nature is unquestioned ; but that does not mean that a general statement by the District Attorney that records are confidential or part of an investigatory file, without more, must result in dismissal of a proceeding such as this. Certainly, it would frustrate the intent and policy of the Freedom of Information Law to permit a public official to determine according to his own judgment what is, or is not, confidential and to withhold disclosure accordingly. Such a contention has been recently rejected by the Supreme Court of the United States in the landmark decision of United States v. Nixon (418 U. S. 683). The court on a proper application, is the forum to determine the validity of the classification by the public official in each particular case. It would seem that the best approach would be an in camera inspection of the particular items. This court, however, cannot reach that point at this stage. No answer has been submitted by respondents raising the issue of confidentiality insofar as particular items are concerned. This is merely a motion *304 by respondents to dismiss the proceeding pursuant to subdivision (f) of CPLR 7804; and upon such a motion only the. petition may be considered (Matter of Board of Educ. of City School Dist. of City of Mount Vernon v. Allen, 32 A D 2d 985). This court has concluded that the allegations of the petition are sufficient to state a cause of action and the proceeding, therefore, is maintainable.
The motion to dismiss is denied and the respondents are directed to serve an answer within five days after service of a copy of the order to be entered hereon. Petitioner may renotice the matter for hearing upon two days’ notice.