■ MOLLIE DOWLING, as Administratrix of the Estate of JOHN H. HILL, SR., Deceased, Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent. (Claim No. 58127.)—Cross appeals from an order of the Court of Claims, entered October 23, 1974, which granted in full claimant's motion for an order of discovery and inspection of parole board records and granted in part claimant's motion for an order of discovery and inspection of records of the Kings Park State Hospital. Claimant brings this action against the

State for conscious pain and suffering and wrongful death, alleging that while one Harmon was paroled from Kings Park State Hospital he murdered claimant's father, and asserting that Harmon's release on parole was negligent. Claimant moves to discover, among other things, all of the records of the parole board with reference to Harmon and also his hospital records. The court below has ordered production of the parole board records and the hospital records, except for those containing diagnosis or prognosis. On these cross appeals the State challenges the order insofar as discovery of the parole board records is concerned, and claimant appeals insofar as the court denied discovery of the hospital records containing diagnosis and prognosis. As for the parole board records, the only items set forth in the Freedom of Information Law (Public Officers Law, art 6) which are discoverable are the "final determinations and dissenting opinions of members of the governing body * * * of the agency". (Public Officers Law, § 88, subd 1, par [h].) All other records of such board are confidential. Claimant asserts that the physician-patient privilege is not applicable because Harmon's communications were not intended to be confidential since he was not in the hospital voluntarily, but incarcerated therein as a part of his punishment growing out of his robbery conviction. We do not agree. Harmon was in the hospital for treatment, not punishment, and information conveyed by him, whether or not willingly, was confidential. (CPLR 4504, subd [a].) Claimant is entitled only to nonmedical information contained in the hospital records. (See *Homere v State of New York,* 41 AD2d 797; *Katz v State of New York,* 41 AD2d 879; *Mayer v Albany Med. Center Hosp.,* 37 AD2d 1011.) Order modified, on the law and the facts, so as to grant the motion for discovery of parole board records only to the extent that they contain final determinations, and, as so modified, affirmed, without costs. Greenblott, J. P., Sweeney, Koreman, Larkin and Reynolds, JJ., concur.