In the Matter of DONALD H. ZUCKERMAN et al., Appellants, v NEW YORK STATE BOARD OF PAROLE et al., Respondents.

Third Department, July 29, 1976

*William E. Hellerstein (Donald H. Zuckerman, pro se,* and *Sally Mendola* of counsel), for appellants.

*Louis J. Lefkowitz, Attorney-General (Michael Colligan* and *Ruth Kessler Toch* of counsel), for respondents.

GREENBLOTT, J. Pursuant to paragraph a of subdivision 1 of section 88 of the Public Officers Law, the petitioners are seeking disclosure of the minutes of the September, 1974 business meeting of the Parole Board and the minutes of all business meetings held thereafter. The respondents denied the request claiming that the statutory exemptions and regulations of the department make the board minutes confidential. The petitioners then commenced this article 78 proceeding in the nature of mandamus to require the disclosure.

Section 88 of the Public Officers Law requires each agency to "make available for public inspection and copying: c. minutes of the meeting of the governing body, if any, of the agency". At Special Term the respondents argued that the Board of Parole was not the governing body for the Department of Correctional Services, but Special Term rejected that claim and the respondents have apparently abandoned the argument on appeal. In any event, we have held that this statute applies to the Board of Parole *(Dowling v State of New York,* 49 AD2d 982).

The respondents contend that the minutes need not be disclosed because they are exempt from disclosure (Public Officers Law, § 88, subd 7, pars a, c and d) and because they have the common-law "official information" privilege (see *Cirale v 80 Pine St. Corp.,* 35 NY2d 113).

The first exemption claimed by the respondents exempts from disclosure that information that is "a. specifically exempted by statute" (Public Officers Law, § 88, subd 7). Subdivision 1 of section 29 of the Correction Law, entitled "Department statistics", authorizes the department to "collect, maintain, and analyze" statistical and other data and goes on to provide a nonexclusive list of the type of data to be gathered. Subdivision 2 of that section requires the commissioner to

make rules regarding the privacy of this data. Section 221 of the Correction Law, entitled "Records", requires the commissioner to keep complete records "of every person released on parole or conditional release". The statute also requires the commissioner to make rules as to the privacy of these records. Under the authority of these two statutory mandates (7 NYCRR 5.1 [a]), the following regulation was promulgated: "Department records. Any department record not otherwise made available by rule or regulation of the department shall be confidential for the sole use of the department". (7 NYCRR 5.10.) The minutes of board meetings are *not* "made available by rule or regulation" and, therefore, Special Term held that the minutes are private.

It would seem clear that section 29 of the Correction Law exempts from disclosure those specifically enumerated statistics and, further, that section 221 exempts those records dealing with parolees. Minutes of Parole Board meetings are not *specifically* exempted by either of these statutes. Applying the rule of *ejusdem generis* (McKinney's Cons Laws of NY, Book 1, Statutes, § 239, subd b), the nonexclusive list contained in subdivision 1 of section 29 of the Correction Law could not be construed to include these minutes.

It would therefore appear that this regulation, as applied to the minutes of Parole Board meetings, is invalid on two grounds. As shown above, the regulation makes *all* records private initially and is not limited solely to those categories of information specifically set forth or included by reasonable implication in the statutes. Furthermore, by making *all* records initially confidential in a broad and sweeping manner, the regulation violates the clear intention of the Freedom of Information Law (see Public Officers Law, § 85). It is established as a general proposition that a regulation cannot be inconsistent with a statutory scheme (see, e.g., *Matter of Broadacres Skilled Nursing Facility v Ingraham,* 51 AD2d 243, 245-246) and the statute involved here specifically states that exemptions can only be controlled by other *statutes,* not by *regulations* which go beyond the scope of specific statutory language (Public Officers Law, § 88, subd 7, par a). This conclusion is further reinforced by the general rule that public disclosure laws are to be liberally construed *(Cuneo v Schlesinger,* 484 F2d 1086, cert den *sub nom Rosen v Vaughn,* 415 US 977; *Matter of Burke v Yudelson,* 81 Misc 2d 870) and that statutory exemption from disclosure must be narrowly

construed to allow maximum access *(Vaughn v Rosen,* 484 F2d 820, cert den 415 US 977; see Public Officers Law, § 85).

The respondents next contend that the minutes are exempt from disclosure because such disclosure would constitute an "unwarranted invasion of personal privacy" and because they contain portions of "investigatory files compiled for law enforcement purposes" (Public Officers Law, § 88, subd 7, pars c, d). There is no evidence in this record, other than the conclusory affidavit of the respondents, to confirm these claims of exemptions. It has been held under the Federal statute that conclusory affidavits claiming a right to an exemption will not alone defeat a request for disclosure (see *Environmental Protection Agency v Mink,* 410 US 73, 93; *Vaughn v Rosen, supra).* A New York court while recognizing that investigatory files must remain confidential, went on to state: "[B]ut that does not mean that a general statement * * * that records are confidential or part of an investigatory file * * * must result in dismissal * * *. [I]t would frustrate the intent and policy of the Freedom of Information Law to permit a public official to determine according to his own judgment what is, or is not, confidential and to withhold disclosure accordingly" *(Matter of Dillon v Cahn,* 79 Misc 2d 300, 303, citing *United States v Nixon,* 418 US 683).

In the instant case the minutes sought by the petitioners have not been reviewed *in camera* and there are no detailed affidavits or other exhibits that would show the type of information generally contained in these minutes. While an agency should be accorded an opportunity to prove by means other than an *in camera* inspection that they are entitled to an exemption, if they fail to provide such detailed information an *in camera* inspection of the documents sought should be performed *(Vaughn v Rosen, supra;* see *Cirale v 80 Pine St. Corp.,* 35 NY2d 113, 119, *supra; Matter of Dillon v Cahn, supra).*

At such an inspection it is possible that some exempt information, as claimed by the respondents, would be found. This does not mean, however, that the whole of the minutes would be exempt merely because a portion would be *(Environmental Protection Agency v Mink, supra,* pp 85-94; *Vaughn v Rosen, supra,* p 825). As regards any information that could constitute an unwarranted invasion of personal privacy (§ 88, subd 7, par c), the New York statute specifically provides that identifying data could be eliminated (Public Officers Law, § 88,

subd d). While the New York cases have not often discussed the "investigatory files" exemption (see *Matter of Dillon v Cahn, supra),* it would appear that this exemption should also be narrowly construed (see *Hawkes v Internal Revenue Serv.,* 467 F2d 787, 795) and the exempt data could be eliminated in any event.

The respondents finally contend that the common-law privilege for official information was not repealed by the Freedom of Information Law and that the minutes are covered by that privilege. Both the respondents and Special Term rely on *Cirale v 80 Pine St. Corp.* (35 NY2d 113, *supra)* for this principle. "The hallmark of this privilege is that it is applicable when the public interest would be harmed if the material were to lose its cloak of confidentiality [citations omitted]". *(Cirale v 80 Pine St. Corp., supra,* p 117; see *Farrell v Village Bd. of Trustees of Vil. of Johnson City,* 83 Misc 2d 125.) While the respondents make due note of this point, they fail to mention the following language that follows the above-quoted passage.

"[W]e do not hold that all governmental information is privileged or that such information may be withheld by a mere assertion of privilege. There must be specific support for the claim of privilege. * * * [T]he governmental agency [must] come forward and show that the public interest would indeed be jeopardized by a disclosure of the information. Otherwise, the privilege could be easily abused, serving as a cloak for official misconduct" *(Cirale v 80 Pine St. Corp., supra,* pp 118-119).

In the instant case, the respondents have offered no specific support for their claim of privilege and they have made no showing of the circumstances or manner in which the public interest would be jeopardized by the disclosure of these minutes. The record, therefore, does not support the respondents' claim of privilege.

The judgment should be reversed, on the law and the facts, without costs, and the proceedings remitted to the Supreme Court of Sullivan County for the *in camera* inspection of the requested documents and for further proceedings not inconsistent herewith.

KOREMAN, P. J., MAHONEY, HERLIHY and REYNOLDS, JJ., concur.

Judgment reversed, on the law and the facts, without costs,

and proceedings remitted to the Supreme Court of Sullivan County for an *in camera* inspection of the requested documents and for further proceedings not inconsistent herewith.