George L. Cobb, J.
In this CPLR article 78 proceeding, one agency of State government asks the court to overrule the refusal of another such agency to provide certain information to the former upon the ground that such refusal contravened *706 the provisions of the Freedom of Information Law (Public Officers Law, art 6).
The petitioner here complains that the respondents would not permit the inspection of: (1) the disposition of each complaint received by respondent commissioner since the effective date of the said law concerning the private schools and private business schools which may not operate unless licensed by the respondent commissioner pursuant to sections 5001 and 5002, respectively, of the Education Law as well as certain other related information; (2) drop-out rates and placement rates of the 50 such private schools which have the largest enrollment; (3) copies of field inspection reports described as "Bureau of Veterans Education Reports of Field Visits 404”; and (4) factual reports prepared by field supervisors resulting from on-site inspections of such private schools and private business schools since the effective date of the said Freedom of Information Law.
As a general defense, the respondents plead that, pursuant to section 553 (subd 3, par a) of the Executive Law, the executive director may conduct the investigations, research, studies and analyses therein mentioned only when so directed by the New York State Consumer Protection Board and that the said board has not so directed. However, it appears that, at its meeting of September 14, 1972, the said board by broad general language delegated to its executive director the power and duty to perform any of the acts described in said section 553 (subd 3, pars a-d [inclusive]) of the Executive Law without any further specific authorization and unless and until the board rescinds that broad delegation of its authority, the foregoing defense has no merit.
In support of her application, petitioner argues that all records in the possession of public officials are subject to inspection pursuant to the new Freedom of Information Law, unless specifically exempted by subdivisions 3 and 7 of section 88 of the Public Officers Law, and that the burden of proving the exemption is upon him who asserts it. In partial support of that position, she points to the legislative declaration in section 85 of the Public Officers Law that "government is the public’s business and that the public * * * should have unimpaired access to the records of the government” and she argues that the nine categories of documents which subdivision 1 of section 88 of the Public Officers Law says shall be made available for public inspection and copying are only *707 illustrative of the various categories of documents which are now discoverable. As she points out, this interpretation has received judicial support (Matter of Dunlea v Goldmark, 85 Misc 2d 198). Furthermore, the court notes that said section 85 of the Public Officers Law, as originally enacted (see L 1974, ch 578, § 1), declared only that the public should have unimpaired access to the records of government "set forth herein below”, but that the last-quoted phrase was deleted from the statute by section 1 of chapter 579 of the Laws of 1974. However, whether the nine categories of information specified in said subdivision 1 of section 88 of the Public Officers Law are exhaustive or illustrative only, the court concludes that the foregoing legislative history of the statute compels a liberal approach to its interpretation. For instance, liberally interpreted, a complaint is a "case” and the action or nonaction taken thereon can be considered a "final opinion”. Furthermore, drop-out and placement rates, as well as field inspection reports, are "statistical or factual tabulations made by or for the agency”. Accordingly, the court concludes that each of the categories of information, which are the subject of this proceeding, are discoverable pursuant to paragraphs a and d of subdivision 1 of section 88 of the Public Officers Law, unless exempted by the succeeding provisions of that statute.
Turning now to the exemptions contained in the statute, the respondents say that the applicable provisions are paragraphs a and e of subdivision 3 and paragraphs b, c and d of subdivision 7 of section 88 of the Public Officers Law. Said paragraphs a and e of subdivision 3 would apply only if the sought for information is not relevant or essential to the ordinary work of the agency. The ordinary work of this agency presumably includes receiving complaints concerning licensees, tabulating or receiving tabulations of the said dropout and placement rates and inspecting the physical facilities of licensed schools and preparing reports thereof. Furthermore, the respondents’ ordinary work must include decisions concerning what action, if any, should be taken thereon. Merely because the agency concludes that the information it receives should not then or thereafter be acted on does not make that information "irrelevant to the work of the agency”. Accordingly, said paragraphs a and e of subdivision 3 are not applicable to this litigation.
As for the exemption contained in paragraph b of subdivision 7, such is applicable here only if, among other things, the *708 sought for information was confidentially disclosed to the respondents and open disclosure would permit an unfair advantage to competitors of the "subject enterprise” and the exemption contained in paragraph c of subdivision 7 is applicable only if release of the information would constitute an "unwarranted invasion of personal privacy”. Respondents have the burden of demonstrating the applicability of an exemption (Matter of Burke v Yudelson, 81 Misc 2d 870, 878, affd 51 AD2d 673), but the only proof that any of the information here sought was confidentially received or that any advantage to competitors which might result from its release would be "unfair” or that its release would unwarrantably invade personal privacy, is the conclusory recitations of the respondents to this effect. Their burden of proof cannot be sustained by such summary assertions.
As for the said paragraph d of subdivision 7, such obviously has no relevancy to the drop-out and placement rate category, but for the reasons which follow, such may have relevancy to the inspection report and complaint category.
Subdivision 4 of section 5003 of the Education Law authorizes the respondent commissioner to take disciplinary action against licensees for "good cause” and subdivision 9 of the last-cited statute says that the Attorney-General or any local prosecuting officer, at the request of the respondent commissioner, may bring enforcement proceedings in any court of competent jurisdiction. Furthermore, subdivision 8 of the last-cited statute makes any willful violation of the provisions of article 101 of the Education Law a class B misdemeanor, and, therefore, it is conceivable that some of the inspection report or complaint information sought by this petitioner may be exempt from disclosure pursuant to section 88 (subd 7, par d) of the Public Officers Law. Accordingly, the judgment to be entered hereon should include a provision authorizing the respondents to withhold any information concerning these matters which would otherwise be discoverable, if such information is part of any investigatory file which the commissioner established for the purpose of considering whether or not enforcement proceedings, pursuant to said subdivision 9 of section 5003 of the Education Law, should be instituted, or for the purpose of actually instituting such proceedings, against a particular licensee, provided the respondents specify to the petitioner that such information is being withheld for that purpose. The said judgment should further provide that, if the *709 respondents do so specify and any disagreement shall arise between the parties concerning such matter, the petitioner or the respondents may apply on reasonable notice for an in camera inspection by this Justice and a ruling thereon. This Justice will retain jurisdiction of this proceeding for the aforesaid purpose and the said judgment should so provide.
Except as hereinabove noted, the prayer of the petition will be granted.
(On reargument, November 17, 1976)
In a proceeding to review the refusal of respondents to permit an inspection by the petitioner of certain records which are in the formers’ custody, the respondents move "for an order permitting the renewal and reargument of the above-entitled proceeding and of respondents’ motion for judgment therein”.
In the original decision, the court indicated that respondents’ summary claims did not adequately demonstrate the applicability of the exemptions contained in the applicable statute (Public Officers Law, §88, subd 7). Upon the instant motion, that defect has not been remedied and the respondents continue to rely upon argumentative and conclusory recitations rather than demonstrating factually that the information sought is, indeed, exempt under the statute.
Respondents say that, if the court is not satisfied from the instant submissions that the exemptions are applicable, it should conduct an in camera inspection of all of the documents which are the target of this proceeding and the papers suggest that there may be several hundred in that category.
In Matter of Zuckerman v New York State Bd. of Parole (53 AD2d 405, 408), the Appellate Division of this department stated that "[wjhile an agency should be accorded an opportunity to prove by means other than an in camera inspection that they are entitled to an exemption, if they fail to provide such detailed information an in camera inspection of the documents sought should be performed [citations omitted]”. On the other hand, in Cirale v 80 Pine St. Corp. (35 NY2d 113), which was decided before the effective date of the Freedom of Information Law (Public Officers Law, art 6) and was concerned with common-law privilege as opposed to the said statutory exemptions, the court expressed the view that only rarely would in camera inspection be necessary.
*710 The court does not read Matter of Zuckerman v New York State Bd. of Parole (supra) as authority for the proposition that, whenever an administrative decision concerning the applicability of the statutory exemptions is judicially challenged, the respondent need only summarily assert the exemption issue and the court must thereupon conduct an in camera review of every challenged document. Furthermore, this court believes the judicial adoption of such a rule of law would be unwise.
Upon this motion, respondents continue to claim that the personal privacy exemption is applicable, but such a claim is not warranted when, as here, the information sought is of a commercial or business nature. Furthermore, the court does not accept the proposition that the release of drop-out and placement rates of the subject schools permits an unfair advantage to competitors within the meaning of the statute.
The motion for reargument or renewal will be granted and upon such reargument or renewal, the original determination will be adhered to.