In the Matter of GANNETT CO., INC., Appellant, v COUNTY OF MONROE et al., Respondents.

Fourth Department, November 14, 1977

*Nixon, Hargrave, Devans & Doyle (Robert C. Bernius* of counsel), for appellant.

*William J. Stevens, County Attorney (John D. Doyle* of counsel), for respondents.

DENMAN, J. As a result of substantial budget reductions, 276 employees of Monroe County were terminated in January, 1977. The county fiscal problems and proposed budget cuts had been the subject of a great deal of public interest and media coverage for a number of months. Petitioner, Gannett Co., Inc., owns two Rochester newspapers and a television station. A reporter for petitioner applied to the Records Access Officer of Monroe County for access to certain records under the Freedom of Information Law (Public Officers Law, §§ 85-89). The records demanded were the names, job titles, and salary levels of the county employees who were terminated in January. Upon denial of that request, petitioner appealed to the county manager, who also refused this information on the ground that such information was confidential, that the release would constitute an unwarranted invasion of personal privacy and could result in economic or personal hardship to the former employees, and that such records were not relevant or essential to the ordinary work of the County of

Monroe. Petitioner instituted a proceeding under CPLR article 78 to compel the county manager and the county records access officer to make available those records. Special Term dismissed the petition, finding that the information sought was within the exceptions to the Freedom of Information Law.

Section 85 of the Freedom of Information Law contains a statement of legislative intent reflecting a strong policy in favor of complete disclosure of government records. That section sets forth a clear declaration "that government is the public's business and that the public, individually and collectively and represented by a free news media, should have unimpaired access to the records of government."

Section 88 enumerates those public records to which the public may have access. Subdivision 1 provides, in pertinent part, as follows:

"d. internal or external audits *and statistical or factual tabulations made by or for the agency,* * * *

"g. an itemized record setting forth *name, address, title, and salary of every officer or employee of an agency* * * * and such records shall be made available for inspection * * * to bona fide members of the news media upon written notice." (Emphasis added.)

Either of these paragraphs could be construed as applying to the type of information sought by petitioner. With respect to paragraph g, the decision at Special Term was based in part on the fact that this paragraph does not apply to *former* employees. That position is not well-founded inasmuch as it is the nature, content and existence of the records which is controlling, not the date that employment ceased. The information sought does not concern the employees' activities since termination, but only concerns their status with respect to the agency as of a certain date.

The exceptions to disclosure are set forth in subdivision 3 of section 88. Respondent relies on paragraph e as precluding disclosure of the information requested here. Paragraph e provides as follows: "e. Disclosure of items of a personal nature when disclosure would result in economic or personal hardship to the subject party *and* such records are not relevant or essential to the ordinary work of the agency or municipality." (Emphasis added.) It is clear that both clauses must be applicable in order to make the paragraph operative and that when records are relevant to the ordinary work of the agency, those items within subdivision 1 would be subject

to disclosure. Records regarding the termination of employees and their removal from the payroll are, by their very nature, relevant and essential to the ordinary work of the county. That paragraph is therefore inoperative. *(Matter of Pooler v Nyquist,* 89 Misc 2d 705, 707.)

Additionally, respondent's claim that disclosure would result in economic or personal hardship to the former employees is a conclusory assertion unsupported by any factual basis and is therefore insufficient to bring the material within that exemption. Respondent has the burden of demonstrating the applicability of the exemption *(Matter of Burke v Yudelson,* 51 AD2d 673; *Matter of Pooler v Nyquist, supra).* " '[I]t would frustrate the intent and policy of the Freedom of Information Law to permit a public official to determine according to his own judgment what is, or is not, confidential and to withhold disclosure accordingly' *(Matter of Dillon v Cahn,* 79 Misc 2d 300, 303, citing *United States v Nixon,* 418 US 683)." *(Matter of Zuckerman v New York State Bd. of Parole,* 53 AD2d 405, 408.)

The information sought is not of a "personal nature," "economic or personal hardship" has not been documented and the type of records sought is certainly "relevant and essential to the ordinary work of the agency." To refuse disclosure would frustrate the intent of the statute. "Access to such information should not be thwarted by shrouding it with the cloak of secrecy or confidentiality." (Public Officers Law, § 85.)

The secondary issue here is whether or not the records sought are in existence and, if not, whether the agency need prepare them. Although not given as a reason for the original denial of the material, the county later maintained that the information sought "was not available as an official record of the County and that no list of the terminated employees was ever compiled." It is difficult to imagine that 276 jobs were eliminated and the employees notified of such termination without some record being kept of that transaction. The record contains several newspaper accounts which refer to lists of employees to be terminated. The record also indicates that the final paychecks of the terminated employees included payment for accumulated vacation and compensation time. It seems clear that such computations and the notifications to the employees that they were being terminated could not have

taken place without some identifying documents as to which employees were involved.

If the county has never compiled a list of names of the terminated employees, the Freedom of Information Law does not require that one be prepared. *(Matter of D'Alessandro v Unemployment Ins. Appeal Bd.,* 56 AD2d 762.) It was never intended that government agencies be burdened with the expense and effort of preparing records for distribution to the public. Petitioner must, however, be granted access to those lists and documents which specifically identify the employees to be terminated and effectuate their removal. Such result is consistent with the Legislature's declaration "that government is the public's business and that the public, individually and collectively and represented by a free news media, should have unimpaired access to the records of government." (Public Officers Law, § 85.)

The order should be reversed and the petition granted in accordance with this opinion.

CARDAMONE, J. P., SIMONS, DILLON and HANCOCK, JJ., concur.

Order unanimously reversed, without costs, and petition granted in accordance with opinion by DENMAN, J.