OPINION OF THE COURT
Shanley N. Egeth, J.
In this article 78 proceeding, petitioners seek to compel respondent retirement system to make available for copying a list of its present beneficiaries. One petitioner is a not-for-profit corporation whose principal purpose is to investigate legislation and other governmental action and decisions affecting the pension funds administered by respondent and to inform its membership and other retirees as to the results of such investigation. The other petitioner is the president of the corporation.
Respondent has refused the demand of petitioners for the desired information on the basis of an opinion of its legal advisor, the Corporation Counsel. The opinion states that respondent’s refusal to provide such information may properly be based on the fact that its disclosure would result in an *1119 unwarranted invasion of personal privacy (Public Officers Law, § 89, subd 2, par [b]) as information which "would be used for commercial or fund-raising purposes” (Public Officers Law, §89, subd 2, par [b], cl [iii]) and as information "of a personal nature when disclosure would result in economic or personal hardship to the subject party and * * * not relevant to the work of the agency requesting or maintaining it” (Public Officers Law, § 89, subd 2, par [b], cl [iv]).
The petition is granted. Respondent has the burden of establishing that the demanded information is not of a sort which it is required to make available (Public Officers Law, § 89, subd 4, par [b]). Respondent has failed, by a substantial measure, to satisfy its burden. No factual substantiation has been submitted in support of its contention that the information would be used for commercial or fund raising purposes. As a not-for-profit corporation, petitioner may not engage in commercial activities. While it is undeniable that petitioner will probably solicit the retirees whose identity is furnished to become members by the payment of dues, such activity may not be construed as "fund-raising” within the meaning of the statute.
With respect to the second ground on which respondent’s denial is based, the court doubts that within the context of this request, a retiree’s name and address is information of a personal nature. More importantly, however, respondent has not sustained its position that the disclosure of such information would result in economic or personal hardship to an individual retiree.
In its enactment of the Freedom of Information Law (Public Officers Law, art 6), the Legislature found that "a free society is maintained * * * when the public is aware of governmental actions.” (Public Officers Law, § 84.) The prinicpal purpose of petitioner is to make a limited segment of the public aware of governmental actions being taken or planned with respect to pension funds in which it has a property right. The legislative intent is clearly to make available, on demand, any information in the possession of any governmental agency in this State, subject to limitation only when the agency can prove a legitimate public interest or a recognizable private right justifying refusal to disclose the information. During the period of over four years since the enactment of the Freedom of Information Law, the courts have interpreted the statute consistently with its broad purpose. (See, e.g., Matter of Miller v *1120 Incorporated Vil. of Freeport, 51 AD2d 765; Matter of Smigel v Power Auth. of State of N. Y., 54 AD2d 668; Matter of Gannett Co. v County of Monroe, 59 AD2d 309, affd 45 NY2d 954.)
It is unfortunate that petitioners have been compelled to bring legal proceedings to obtain the demanded information. It is to be hoped that this decision will assist governmental agencies in recognizing their responsibilities in maintaining a free society.