OPINION OF THE COURT
Roger J. Miner, J.
Petitioner, an inmate at the Coxsackie Correctional Facility, brings this proceeding to compel respondents to make available to him for inspection his parole case record file or, in the alternative, to compel the respondents to make said file available to the court for an in camera inspection. In particular, petitioner seeks access to psychiatric records contained in the file and to certain letters written to the Parole Board by persons opposed to his release.
Following a Parole Board hearing on December 10-11, 1980, a determination was made to deny parole and to hold petitioner for an additional period of 12 months. The determination included the following statement: “note is made OF THE EXEMPLARY EFFORTS YOU HAVE MADE FOR REHABILI *1053 TATION AND THE MANY RECOMMENDATIONS FOR YOUR EARLY RELEASE INCLUDING THAT OF THE SENTENCING JUDGE. HOWEVER, THERE ARE ALSO MANY PERSONS OPPOSED TO YOUR RELEASE. IN VIEW OF THE PARTICULARLY HEINOUS ASPECTS OF YOUR OFFENSE, RAPING A WOMAN AT SWORD POINT, THREATENING THE LIFE OF HER THREE YEAR OLD CHILD, ATTACKING HER WITH THE SWORD AND THREATENING TO CUT OFF HER HEAD AS WELL AS THE FACT THAT SHE SUSTAINED INJURIES RESULTING IN TWENTY DAYS HOSPITALIZATION, YOUR RELEASE AT THIS TIME WOULD NOT BE COMPATIBLE WITH THE INTEREST OF SOCIETY AS WELL AS THE STRUCTURE OF THE SENTENCE WITH A MAXIMUM OF FIFTEEN YEARS.”
Concerned that the decision of the Parole Board was predicated upon information supplied by unidentified persons, and desiring to prepare an appeal from the determination, petitioner’s attorney communicated with a senior attorney in the Division of Parole in an effort to secure access to the file. Although the Parole Division attorney furnished letters written to the Parole Board by the Sentencing Judge and the District Attorney, the request for other letters and for psychiatric reports was denied. The correspondence from the Parole Division attorney, dated March 11, 1981, included the following statement respecting the letters sought by petitioner: “such materials may not be made available to you as disclosure of such information would inhibit private citizens from freely expressing their opinions for or against an individual’s release and thereby adversely impacting the operation of the Board of Parole with respect to the formulation of individual decisions concerning inmates.” With regard to the psychiatric record, the attorney’s letter referred to the fact that those records were received from another department on a promise of confidentiality; the letter concluded as follows: “You may wish to contact the Department of Mental Hygiene and request such documents from that agency, as such documents originated there.” An appeal to the Chairman of the Division of Parole from the denial of access was rejected in a letter dated March 26, 1981.
In order for material to be exempt from the freedom of information disclosure requirements contained in section 84 of the Public Officers Law, a specific exemption must be *1054 found. (Public Officers law, § 87; Matter of Fink v Lefkowitz, 47 NY2d 567.) The burden of establishing the exemption falls upon the agency opposing disclosure. (Matter of Doolan v Board of Coop. Educational Servs., Second Supervisory Dist. of Suffolk County, 48 NY2d 341.) At this stage in the proceeding at bar, respondents have failed to carry their burden of demonstrating that the letters sought by petitioner are exempt by statute (Executive Law, § 259-k; Public Officers Law, § 87, subd 2, pars [a], [f], [g]) or rule (9 NYCRR 8000.5 [c] [2] [i] [a], [b]), as contended. Respondents have made only general allegations that the disclosure would “inhibit” the expression of opinion by private citizens; they have offered no specific support for their claim of privilege. (Matter of Zuckerman v New York State Bd. of Parole, 53 AD2d 405.) Conclusory assertions, without factual bases, are insufficient to bring the material within any exemption. (Matter of Gannet Co. v County of Monroe, 59 AD2d 309, affd 45 NY2d 954.) Moreover, due process considerations enter into the use of letters, solicited or unsolicited, received from unnamed persons and not made available to the petitioner. Accordingly, an in camera inspection of the letters sought by petitioner will be required. (Matter of Westchester Rockland Newspapers v Kimball, 50 NY2d 575.) Along with the letters, respondents shall submit evidence, ex parte, in support of their claim of exemption from disclosure by reason of a promise of confidentiality (9 NYCRR 8000.5 [c] [2] [i] /a/ [2]) or of threat to the life or safety of any person. (Public Officers Law, § 87, subd 2, par [f]; 9 NYCRR 8000.5 [c] [2] [i] [a] [3].)
The psychiatric records sought by petitioner are not available from respondents, being exempt from disclosure as interagency reports or as materials prepared by another agency. (Public Officers Law, §87, subd 2, par [g]; 9 NYCRR 8000.5 [c] [2] [i] [b].)