■ In the Matter of JEFFREY GRUNE, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents.—Harvey, J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered January 9, 1990 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondents to release certain documents requested under the Freedom of Information Law.

By letter dated April 12, 1989, petitioner, then an inmate at Mid-State Correctional Facility in Oneida County, made a request to respondent Department of Correctional Services (hereinafter DOCS) pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL) for certain documents and records relating to his transfers from one correctional facility to another on the dates of March 21, 1989, April 6, 1989 and April 12, 1989. In response to this letter, one of DOCS' representatives advised petitioner in May 1989 that four pages of material had been identified which would be made available to petitioner, two of which were program security and assessment summary (hereinafter PSAS) forms which would be provided to petitioner in redacted form. Petitioner's appeal from this decision was ultimately denied.

Petitioner commenced this CPLR article 78 proceeding stating that he objected to the redaction of any portion of the requested records and that it was his belief, based upon DOCS' own directives, that more than four pages within the scope of his FOIL request were in existence. Attached to respondents' answer was an affidavit from Derek Jackson, an employee assigned to review and respond to FOIL appeals received by DOCS. In this affidavit, Jackson stated that aside from the four documents already mentioned, the only other documents found relating to petitioner's request were three documents that "were withheld entirely as they are evaluative in nature and predecisional" and another recently discovered PSAS form that petitioner could also have in redacted form if he so desired. Petitioner's reply to this affidavit requested an in camera review of the pertinent documents, but Supreme Court ultimately dismissed the petition on the merits without undertaking such an examination. Petitioner appeals.

In our view, Supreme Court improperly dismissed the petition without benefit of an in camera inspection of pertinent documents. Respondents correctly point out that in camera inspection of such documents is not always necessary or desirable (see, e.g., Matter of Miracle Mile Assocs. v Yudelson, 68 AD2d 176, 180, lv denied 48 NY2d 706; Matter of Zuckerman v New York State Bd. of Parole, 53 AD2d 405, 408), and that much of the information contained in PSAS forms consists of exempt "predecisional evaluations, recommendations and conclusions concerning the petitioner's conduct in prison" (Matter of Rowland D. v Scully, 152 AD2d 570, affd 76 NY2d 725). Nevertheless, situations where in camera review is not necessary are ones where detailed affidavits or other exhibits showing the type of information generally contained in the

allegedly exempt material have been sufficiently supplied so as to permit the courts to decide the issue *(see, Matter of Miracle Mile Assocs. v Yudelson, supra,* at 180; *Matter of Zuckerman v New York State Bd. of Parole, supra,* at 408). No such showing has been made in the case at bar. Instead, as pointed out by petitioner, respondents merely refer to the targeted information as "predecisional" or "evaluative" in a broad and conclusory fashion without giving any details as to what is contained in the completely or partially redacted documents. Since respondents have failed to prove by means other than through an in camera inspection that they are entitled to an exemption, such an inspection should be performed by Supreme Court on remittal *(see, Matter of Zuckerman v New York State Bd. of Parole, supra,* at 408).

Judgment reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Kane, Casey, Levine and Harvey, JJ., concur.