OPINION OF THE COURT
Francis A. Affronti, J.
This court is presented with an issue of first impression, *350 relating to whether the names of marriage license applicants are subject to disclosure for general publication purposes.
Specifically, the petitioner, a journalistic organization, seeks a judgment under CPLR article 78 directing respondents to provide the names of those couples to whom marriage licenses have been issued, for publication in its "For the Record” column, which is printed daily in two Rochester area newspapers. Gannett has previously attempted to obtain this information but was denied access because respondents contend the records are exempt from disclosure. Petitioner urges that unrestricted access by the public to the requested information is mandated by Public Officers Law article 6, commonly known as the Freedom of Information Law (FOIL), in that all government records are subject to disclosure unless specifically exempted by statute or binding regulations. Conversely, the respondents opine that Domestic Relations Law § 19 emphatically restricts public disclosure, and that under FOIL the records are exempt from disclosure as it would constitute an unwarranted invasion of personal privacy because the material would be used for commercial purposes.
Clearly, FOIL requires public disclosure and inspection of agency or government records unless the records fall within one of a number of exceptions, such as when exempted by statute, or if such disclosure "would constitute an unwarranted invasion of personal privacy.” (See, Public Officers Law § 87 [2] [a], [b].) "FOIL is to be liberally construed and its exemptions narrowly interpreted so that the public is granted maximum access to the records of government” (Matter of Capital Newspapers v Whalen, 69 NY2d 246, 252), with the burden placed upon the governmental agency to establish that "the material requested falls squarely within the ambit of [the] statutory exemptions.” (Matter of Fink v Lefkowitz, 47 NY2d 567, 571.)
Domestic Relations Law § 19 (1), in relevant part, requires the City Clerk to keep a book where marriage license information is recorded, which is "part of the public records of [her] office,” and further provides that affidavits, statements, and consents documenting essential marriage license information be considered public records open to inspection, but only when needed for "judicial or other proper purposes.” Respondents admit that the applicants’ names are contained in the affidavits, and recorded in a log, rather than a book, but that both the names and the affidavits are entitled to the same protection, and consequently, are disclosable only when "a proper *351 purpose” has been shown. They further assert that publishing this data in a daily newspaper merely to satisfy the readership’s general interest and to stimulate sales, is not a "proper purpose,” but instead, represents the release of personal information, and is an invasion of privacy for commercial purposes, so as to thus prohibit disclosure (see, Public Officers Law § 89 [2] [b] [iii]; §87 [2] [a], [b]).
While a plain reading of the statute unquestionably mandates a finding of "proper purpose” in those situations where "affidavits” are to be disclosed, the "proper purpose(s)” standard is not applicable in the present case, where only the names of marriage license applicants are sought. Therefore, it is concluded that Domestic Relations Law § 19 does not exempt disclosure of the requested materials. (See, Public Officers Law § 87 [2] [a].)
The remaining issue of whether release of the lists of names constitutes an "unwarranted invasion of personal privacy,” contended by respondents, as such lists would be used for commercial purposes, can now be considered. (See, Public Officers Law § 89 [2] [b] [iii].) In this regard, Gannett maintains that printing the names is desired because of their "public record” status, and does not amount to commercial use, with which position this court agrees, since publishing the names, by itself, does not constitute a commercial use. The petitioner also analogizes, for example, that a final judgment of divorce dissolving a marriage is publicly available, as is the identity of other selected licensees, and that common sense would dictate a similar result for the release of marriage applicants. (See, Domestic Relations Law § 235 [3].)
It must be stressed that our law does not definitively prohibit release of the requested names, which upon a clear reading of the statute does not equate with the type of personal, confidential, or sensitive information precluding public access, or which would constitute an "unwarranted invasion of personal privacy” (see, Public Officers Law § 89 [2] [b]).
Respondents have failed to factually support their conclusory assertion that disclosure would intrude upon anyone’s personal privacy. (See, Matter of Capital Newspapers v Burns, 67 NY2d 562, 570; Matter of Buffalo News v Buffalo Mun. Hous. Auth., 163 AD2d 830; Matter of Gannett Co. v County of Monroe, 59 AD2d 309, affd on opn below 45 NY2d 954.) Regardless, the names of marriage license applicants would not, in this court’s opinion, "ordinarily and reasonably be *352 regarded as intimate, private information.” (See, Matter of Hanig v State of New York Dept. of Motor Vehicles, 79 NY2d 106, 112.) Additionally, the New York State Committee on Open Government, in its advisory opinion dated July 28, 1988, was of the belief that Domestic Relations Law § 19 should be read so as not to exempt the names of marriage applicants from disclosure, regardless of the purpose for which a request is made, and also, that under FOIL, disclosure would not represent an "unwarranted invasion of personal privacy.”
Therefore, upon the foregoing, the petition herein is granted, and respondents are directed to provide Gannett unrestricted access to the names of couples to whom marriage licenses have been issued, as those names are recorded in the City Clerk’s office, Rochester, New York.