■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DOUGLAS MACARTHUR GUNNER, Appellant.— Appeal by defendant from: (1) a judgment of the County Court, Nassau County, rendered August 15, 1963 after a jury trial, convicting him of (felony) murder in the first degree, murder in the second degree, robbery in the first degree, and of grand larceny and assault (both in the second degree), and after a jury recommendation, imposing sentence of life imprisonment on the conviction of murder in the first degree; and (2) from "each and every intermediate order" made in the action. Judgment reversed on the law and a new trial ordered. The findings of fact implicit in the verdict are affirmed. After the crimes were committed, the defendant fled to California, where he was arrested and searched. Immediately after the arrest, the California police searched and found two revolvers in the automobile which the defendant had rented. The defendant was interrogated in California, on the plane returning to New York after he had waived extradition, and also in Nassau County before his arraignment there. Some of the statements and confessions made before the defendant left California were made after a New York attorney, who had been retained by the defendant's parents to represent him, communicated with the Nassau County police officials, inquired as to the defendant's whereabouts and informed such officials that he intended

to go to California and that he did not want any statements taken from the defendant. Under the circumstances, it may not be held that the defendant's motion to suppress as evidence the use of the two revolvers found in the automobile, was improperly denied. In our opinion, the proceeding in California was not an "arraignment" within the rules enunciated in *People* v. *Meyer* (11 N Y 2d 162) and *People* v. *Rodriguez* (11 N Y 2d 279) which prohibit postarraignment interrogation (Code Crim. Pro., § 309; 4 Words and Phrases [Perm. ed.], pp. 228–229; cf. *Frisbie* v. *Collins*, 342 U. S. 519, 522). It appears that the Nassau County police officials did not intend to permit nor did they permit the attorney to see the defendant until they had completed their interrogations. The police captain who flew to California to extradite the defendant was not advised that an attorney had been retained to represent the defendant; and he interrogated the defendant in California, on the plane to New York and in Nassau County. While the attorney was in police headquarters in Nassau County, in a futile attempt to speak with the defendant who had been returned to Nassau County, the defendant was interrogated by a psychiatrist and by the police captain. After the attorney abandoned his futile attempts to speak with the defendant, an Assistant District Attorney interrogated the defendant; and the attorney did not see the defendant prior to his arraignment in Nassau County. In view of the nature of the crime, the developments in California and the fact that at that time *People* v. *Donovan* (13 N Y 2d 148) had not yet been decided, the police officials were not willfully violating the defendant's constitutional and statutory rights by interrogating him after an attorney had been retained to represent him. But, in the light of the decisional law enunciated in *People* v. *Donovan* (*supra*); *People* v. *Failla* (14 N Y 2d 178) and in *Escobeda* v. *Illinois* (378 U. S. 478), the confessions and admissions obtained by the Nassau County police, after the attorney informed the police that he represented the defendant and did not want any statements taken from him, were inadmissible. In our opinion, under said decisions, it was the duty of the police official, with whom the attorney spoke, to communicate with the police officer who was going to or had already left for California, and to advise him that an attorney had been retained to represent the defendant, and that therefore said officer was not to interrogate the defendant. No separate appeal lies from any intermediate orders, which nevertheless have been reviewed on the appeal from the judgment of conviction (Code Crim. Pro., § 517, subd. 3). Kleinfeld, Christ, Brennan and Hill, JJ., concur; Beldrock, P. J., concurs in the result, with the following memorandum: There were eight statements taken from the defendant in the case at bar. In my opinion, the first two (Exhs. 59, 70) were properly admitted into evidence; they were taken before defendant's counsel was retained. The next three (Exhs. 63, 64, and the oral statement taken on the plane on July 21, 1962) were also properly admitted. In *People* v. *McConnell* (19 A D 2nd 777, affd. 14 N Y 2d 525) it was held that confessions obtained by the police between arrest and arraignment, in the absence of defendant's retained counsel who had not been prevented from conferring with defendant at the time the confessions were made, were properly admitted in evidence. In the case at bar no claim is made that retained counsel was prevented from conferring with defendant at the time any of the three mentioned statements was taken. I agree that the last three statements (Exhs. 65, 71, and the oral statement taken by Dr. D'Angelo) should have been excluded because they were taken after defendant's attorney had requested access to the defendant and after the request was refused by the police (*People* v. *Donovan*, 13 N Y 2d 148; *Escobeda* v. *Illinois*, 378 U. S. 478). In my opinion, there was no duty on the part of the Nassau County police to notify their representative in Cali-

fornia that defendant's family had retained an attorney for the defendant and that the retained attorney did not want any statement to be taken from defendant.