Edward S Conway, J.
This is an application by petitioners pursuant to CPLR article 78 for an order annulling a determination of respondent Peter Goldmark that petitioners could not have access to certain records in the possession of the Division of the Budget.
Petitioner Mark Dunlea was employed as a research intern by petitioner New York Public Interest Research Group, Inc., also known as NYPIRG. Among his duties was the preparation of a study and critique of the New York State Cable Television Commission. During the course of petitioner Dun-lea’s investigation of the Cable Television Commission, he interviewed one Ray Michaels, a budget examiner with the Division of the Budget. Michaels, it is alleged in the petition, during the interview, referred to his file on the Cable Television Commission to answer a question pertaining to the allocation of commission funds for a certain project. Petitioner Dunlea was allowed to inspect some portions of these files and then Michaels withdrew the files.
On July 17, 1975 petitioner Dunlea submitted an application and written request for access to the files seeking the following:
“1. Budget Examiner’s worksheet for the Cable Television Commission for 1975-76 [Ray Michaels]
"2. Budget Examiner’s files on the Cable Television Commission [Ray Michaels]”.
*200 The application was denied by respondent Katherine B. Mackay (records access officer) on July 25, 1975 on the grounds that "law does not require disclosure and broad public interest would not be served by release of these worksheets.”
Petitioners then appealed that decision on August 1, 1975 pursuant to subdivision 8 of section 88 of the Public Officers Law with respondent Peter C. Goldmark, Jr., Director of the Budget. On August 14, 1975, respondent Goldmark denied the appeal and affirmed the initial denial of the records request on the grounds that:
"1. The Public Officers Law (Section 88-l.-b) does not require disclosure of the requested materials.
"2. Interference with Decision-Making Process.
"3. Vagueness of the Request.” (Records requested are not identifiable as a record.)
The New York State Legislature enacted the New York Freedom of Information Law (Public Officers Law, art 6; L 1974, ch 578), effective September 1, 1974. Section 85 of the Public Officers Law sets forth the Legislature’s intent as to its purpose, stating in part:
"it is incumbent on the state and its localities to extend public accountability wherever and whenever feasible.
"The people’s right to know the process of government decision-making and the documents and statistics leading to determinations is basic to our society. Access to such information should not be thwarted by shrouding it with the cloak of secrecy or confidentiality.”
Under the definition of "Agency” in subdivision 1 of section 87, the respondent Goldmark, as Director of the Division of the Budget, comes within the law’s application. Accordingly, by virtue of this section, he would be required to make available for public inspection and copying such things as: final opinions, including concurring and dissenting opinions, as well as orders, made in the adjudication of cases; those statements of policy and interpretations which have been adopted by the agency and any documents, memoranda, data or other materials constituting statistical or factual tabulations which led to the formulation thereof; internal or external audits and statistical or factual tabulations made by or for the agency; administrative staff manuals and instruction to staff that affect members of the public.
*201 The law further requires each agency on request for "identifiable records” made in accordance with the published rules to make the records "promptly available to any persons”. (§ 88, subd 6.)
The only restrictions imposed by the law as to the public’s access to public records are set forth in subdivision 7 of section 88. It provides:
"7. Notwithstanding the provisions of subdivision one of this section, this article shall not apply to information that is:
"a. specifically exempted by statute;
"b. confidentially disclosed to an agency and compiled and maintained for the regulation of commercial enterprise, including trade secrets, or for the grant or review of a license to do business and if openly disclosed would permit an unfair advantage to competitors of the subject enterprise, but this exemption shall not apply to records the disclosure or publication of which is directed by other statute; or
"c. if disclosed, an unwarranted invasion of personal privacy, pursuant to the standards of subdivision three of this section.
"d. part of investigatory files compiled for law enforcement purposes.”
The respondents’ position is that petitioner is not entitled to the information for three reasons. One is that the request for the budget examiner’s files on the Cable Television Commission is not a request for identifiable records as required by subdivision 6 of section 88. The court cannot agree with this contention of the respondents. It is not necessary that the party requesting the information identify it down to the last detail. The language of the law places part of such responsibility upon the public agency from whom the information is sought. The responsibility of the person requesting the records is that he provide sufficient information to permit the agency to accomplish this duty. The budget examiner’s files on the Cable Television Commission, even though it might consist of 40 individual folders as alleged by respondents, is sufficiently identifiable as to meet the requirements of the law.
The second reason respondents contend that petitioner is not entitled to the information and the basic thrust of respondents position is that public access to the records in question would be highly detrimental to the over-all public interest and public interest requires that such confidential communications *202 or their sources should not be divulged and that public disclosure of the deliberative process which precedes the preparation of an agency budget would hamper, if not destroy, the budget-making process.
As the Court of Appeals held in Cirale v 80 Pine St. Corp. (35 NY 2d 113, 118-119) "By our decision today, we do not hold that all governmental information is privileged or that such information may be withheld by a mere assertion of privilege. There must be specific support for the claim of privilege. Public interest is a flexible term and what constitutes sufficient potential harm to the public interest so as to render the privilege operable must of necessity be determined on the facts of each case. Such a determination is a judicial one and requires that the governmental agency come forward and show that the public interest would indeed be jeopardized by a disclosure of the information. Otherwise, the privilege could be easily abused, serving as a cloak for official misconduct”.
Thus, respondents in the instant case have failed in the court’s opinion to show that disclosure would be harmful to the public interest. Its only support for the exercise of any privilege is the statement that "there is a valid need for protection of communication between high government officials and those who advise and assist them. If individuals expect that their remarks may become public knowledge, human nature suggests that their remarks may be influenced by a concern for appearances to the detriment of the decision-making process.”
As the Court of Appeals pointed out, there must be specific support for the claim of privilege and this requires the governmental agency to "come forward and show that the public interest would indeed be jeopardized by a disclosure of the information.” (Cirale, supra, p 119.) This the respondents have totally failed to do.
The third reason respondents contend that petitioner is not entitled to the information sought is that the material requested does not constitute statistical or factual tabulations in that the requested worksheets are replete with hypotheses, recommendations or opinions rather than statistical or factual tabulations.
The court cannot agree with this contention of the respondents either. According to the popular definition of the terms "statistical and factual tabulations” and the Division of the *203 Budget’s own definition in its Regulations Regarding the Availability of Records for Public Inspection and Copying, the terms in question are discoverable even though respondents may allege that the data contained in the worksheets are recommendations rather than statistical or factual. The court has the power to review respondents’ classification (Matter of Dillon v Cahn, 79 Misc 2d 300).
Accordingly, petitioner is entitled to and may have access to the information sought and the petition is granted.