Edward S. Conway, J.
This is an application by petitioner pursuant to CPLR article 78 for an order reviewing a determination of respondent State University Construction Fund (hereinafter referred to as Fund) which denied petitioner access to certain records in the possession of the Fund.
Petitioner Roland M. Cavalier is an attorney with offices in the City of Albany, New York, and petitioner Sampson Window Corp. is a corporation which did business with the respondent Fund under a contract. On January 13, 1976, petitioner Cavalier made a written request pursuant to Freedom of Information Law (Public Officers Law, art 6) to inspect certain records in the respondent’s files which relate to contractual relations between the Fund and Grossman’s Steel and Aluminum Corp. for construction of portions of the Health Science Center at the Stony Brook campus. Records requested included, "anything in the nature of contracts, addendums, amendments, change orders, or other modifications of the contractural obligations of Grossman’s” and "any backup material, whether in the form of notes, records, audits, reports or in any other manner reduced to writing which in any way deals with or touches upon Grossman’s contractural obligations for construction work on that project.”
Petitioner Cavalier was granted access to certain records and denied access to others. Petitioner then appealed to the respondent Oscar E. Lanford, Records Access Appeals Officer, who denied the appeal; whereupon petitioner Cavalier, together with Sampson Window Corp. as an additional petitioner, commenced the instant proceeding seeking review of respondents decisions and ordering respondents to provide petitioners with full access to all records set forth in petitioners’ applications attached to the petition herein.
Respondent, in its answer, concedes now that petitioner Cavalier’s request was sufficiently specific and agrees to provide access to substantially all existing documents requested as set forth in exhibits C & D attached to the petition, with the exception of all documents leading up to Change Order No. 21 which it is alleged was prepared by respondent’s legal counsel and is privileged and protected under the authority of CPLR 3101.
Under the Freedom of Information Law (Public Officers Law, art 6) it is provided in subdivision 7 of section 88 that:
"Notwithstanding the provisions of subdivision one of this section, this article shall not apply to information that is:
*1076 "a. specifically exempted by statute”.
Such exemption is found in CPLR 3101 (subd [d]) which reads as follows:
"§ 3101. Scope of disclosure. * * *
"(d) Material prepared for litigation. The following shall not be obtainable unless the court finds that the material can no longer be duplicated because of a change in conditions and that withholding it will result in injustice or undue hardship:
"1. any opinion of an expert prepared for litigation; and
"2. any writing or anything created by or for a party or his agent in preparation for litigation.”
Under subdivision (c) thereof, an attorney’s work product is not obtainable and is thus exempted by statute.
Under the facts and circumstances herein presented it is apparent, and the court finds a dispute exists between Sampson Window Corp. and the Fund with respect to a contract for work done at Stony Brook campus.
The court is fully aware of the beneficial purposes to be achieved by the Freedom of Information Law and believes that it represents a step forward in the modern trend of disclosing to the members of the public all facts pertaining to governmental operations. As a matter of fact, this court in Matter of Dunlea v Goldmark (85 Misc 2d 198) limited the secrecy privilege or confidential communications privilege of the Division of the Budget and allowed petitioners access to certain records in the Division of the Budget. However, that case is to be distinguished from the instant one in that the records sought were not privileged under CPLR 3101.
The fact that the material sought to be disclosed by this proceeding is made prior to the commencement of an action does not preclude the privilege against disclosure if the material was prepared in contemplation of litigation (Finegold v Lewis, 22 AD2d 447; Albano v Schwab Bros. Trucking, 21 AD2d 901).
The respondent, by its attorney, is asserting that the information requested as to Change Order No. 21 is privileged under CPLR 3101 and the attorney-client relationship, and that which the petitioners are not entitled to obtain in their role as a potential attorney for a litigant and a potential litigant under the restraint imposed upon matters obtained in consideration of litigation, they cannot obtain in the role of *1077 taxpayers to seek the same disclosure under the Freedom of Information Law.
It is the opinion of this court that an in camera examination should be made by this court of all documents leading up to Change Order No. 21 which respondents allege were prepared by respondents legal counsel and are privileged and protected under the authority of CPLR 3101, for the purpose of determining the validity of the allegation; and as to all other records requested, the petitioners are entitled to an order permitting them access to all such records to the full extent and purposes permitted by the Freedom of Information Law.