■ RITA R. BILE, Appellant, v SEBASTIAN BILE et al., Defendants, and CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Respondent. BANK OF NEW YORK COMPANY, INC., Third-Party Plaintiff, v BANKERS TRUST COMPANY, Third-Party Defendant. — Order, Supreme Court, New York County (Saxe, J.), entered November 22, 1982, granting defendant Edison's motion to compel plaintiff to post security in a sum twice the amount of $3,050, unanimously reversed, on the law, and the motion denied, with costs. Plaintiff Rita R. Bile and her husband, defendant Sebastian Bile, jointly owned 100 shares of stock in defendant Consolidated Edison Company of New York, Inc. (Edison). Eventually, marital difficulties arose between the parties. According to the plaintiff, her husband forged her signature to an assignment in blank on the stock certificate for those shares. Defendant First Wall Street Settlement Corporation purportedly guaranteed the forged signature. Edison honored the forged signature and it issued a new stock certificate to a transferee. In the fifth cause of action, plaintiff seeks compensatory damages of $3,050 plus interest from Edison on the theories of conversion and restitution. Edison moved at Special Term to require the plaintiff to furnish security under section 3-804 of the Uniform Commercial Code. Plaintiff's attorney opposed this motion on the sole ground that the stock certificate was not "lost by theft" but it was in the possession of Edison. Special Term granted the motion to the extent of directing plaintiff to post security in twice the amount of $3,050. Upon appeal, plaintiff argues for the first time that section 3-804 of the Uniform Commercial Code is not controlling. Generally, this court will not consider a matter not raised below (*Slater v Gallman*, 38 NY2d 1, 4). However, an exception to the general rule is presented in a situation where the public interest will be affected (4 NY Jur 2d, Appellate Review, § 121, pp 192-193). The issue of whether section 3-804 of the Uniform Commercial Code should be applied under these circumstances in favor of Edison and other large corporations doing business in this State is of vital public concern and must be addressed at this time. Article 3 of the Uniform Commercial Code does not apply to investment securities (Uniform Commercial Code, § 3-103, subd [1]). An investment security is governed by article 8 of the Uniform Commercial Code even though a particular security might also meet the requirements of article 3 (Uniform Commercial Code, § 8-102, subd [1], par [b]). In this proceeding, the record clearly shows that the Edison stock certificate under discussion falls within the definition of "security" set forth in section 8-102 (subd [1], par [a]) of the Uniform Commercial Code. For that reason, we find it unnecessary to remand this matter to Special Term for further evidentiary proceedings. Although this stock certificate has the attributes of a negotiable instrument, it must be treated as an investment security governed by article 8 of the Uniform Commercial Code. Since section 3-804 of the Uniform Commercial Code is not applicable, plaintiff cannot be required to post security. Had we decided this case under section 3-804 of the Uniform Commercial Code, the result would have been the same. The certificate is not "lost"; it is in the possession of Edison (*Read v Marine Bank of Buffalo*, 136 NY 454). Hence security could not have been required. Concur — Murphy, P. J., Sullivan, Fein, Milonas and Kassal, JJ.