In the Matter of THEODORE C. MOONEY, Respondent, v SUPER-
INTENDENT OF NEW YORK STATE POLICE, Appellant, et al.,
Respondent.

Third Department, May 29, 1986

APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (John Q. Driscoll* of counsel), for appellant.

*Kelleher & Flink (Edward B. Flink* of counsel), for Theodore C. Mooney, respondent.

## OPINION OF THE COURT

WEISS, J.

Petitioner had been employed by railroads since 1965, most recently as a railroad policeman with respondent Consolidated Rail Corporation (Conrail) commencing April 1, 1976. By letter dated August 25, 1982, Conrail notified respondent Superintendent of State Police that petitioner had been discharged, whereupon the Superintendent revoked petitioner's certificate of appointment and designation as a railroad policeman issued pursuant to Railroad Law § 88. Following a challenge to the dismissal pursuant to procedures provided in the Railway Labor Act (45 USC §§ 151-188), the National Mediation Board determined that petitioner had been wrongfully discharged and ordered reinstatement with all rights and benefits unimpaired and full back pay. In accordance with procedures prescribed by statute, Conrail applied to the Superintendent for reissuance of a commission to petitioner as a railroad officer, transmitting the required investigative reports of his character, qualifications and fitness. The Superintendent's refusal to reappoint petitioner has given rise to this CPLR article 78 proceeding. Petitioner moved to strike the answer of the Superintendent or, in the alternative, for an order granting discovery of four particular categories of information. Special Term denied petitioner's motion for judgment

against the Superintendent but granted discovery of the information sought.* The Superintendent has appealed.

■ The sole issues raised by the Superintendent are whether his police records are exempt from discovery and whether the order directing discovery was overbroad. Petitioner contends that the Superintendent waived any privileges by failing to assert at Special Term that the records were exempt *(see,* CPLR 3101 [b]) and is therefore precluded from such assertion de novo in his brief. Generally, a court will not review on appeal an issue not raised below *(Telaro v Telaro,* 25 NY2d 433, 438; *Matter of Woodin v Lane,* 119 AD2d 969; *Orellano v Samples Tire Equip. & Supply Corp.,* 110 AD2d 757, 758). Among the exceptions to the general rule are instances where questions affecting the public interest are raised *(see, Bile v Bile,* 95 AD2d 719). Moreover, "in the interest of justice, this court may always exercise its broad discretion to consider matters neither properly presented nor preserved below" *(Matter of Woodin v Lane, supra,* p 970; *see,* Siegel, NY Prac § 530, at 737).

■ Turning to the merits, we find that the record before us fails to support an assertion of privilege or exemption from disclosure under Public Officers Law § 87 (2). Here, the Superintendent has generally asserted that exemption is necessary to both protect the confidentiality of investigative sources and encourage prospective witnesses to come forward in the future. However, there has been no tender of any factual basis on which to determine whether these objectives would be

---

* Special Term also granted dismissal of the claim as against Conrail on the ground of lack of subject matter jurisdiction. The Superintendent does not challenge that portion of the order on this appeal.

Special Term authorized discovery of the following items:

(a) the application, report of investigation, fingerprint searches and any other materials transmitted by Conrail to the Superintendent in connection with petitioner's application;

(b) any and all correspondence between the Superintendent, his officers or representatives and Conrail concerning petitioner and the application, whether written before or after the petition was denied;

(c) all applications, reports of investigations, fingerprint searches and other materials transmitted by railroads to the Superintendent in accordance with Railroad Law § 88 concerning the appointment for the years 1978-1985, and a statement as to the Superintendent's ruling upon each such application; and

(d) the standards, guidelines, rules and regulations promulgated and/or used by the Superintendent in reviewing and evaluating applications submitted pursuant to Railroad Law § 88 for the appointment of railroad police officers, whether written or unwritten.

impeded by disclosure of the items requested *(see, Church of Scientology v State of New York,* 46 NY2d 906, 908; *cf. Matter of Fink v Lefkowitz,* 47 NY2d 567, 571). In our view, the Superintendent has failed to meet his burden of demonstrating entitlement to the statutory exemption *(see,* Public Officers Law § 89 [4] [b]; *see also, Matter of Capital Newspapers v Burns,* 109 AD2d 92, 94). Nor, on the question of common-law privilege, has the Superintendent demonstrated that promotion of the over-all public interest would best be served by nondisclosure *(see, Cirale v 80 Pine St. Corp.,* 35 NY2d 113, 117-119; *Matter of Zuckerman v New York State Bd. of Parole,* 53 AD2d 405, 409; *Matter of Dunlea v Goldmark,* 85 Misc 2d 198, *mod* 54 AD2d 446, 449, *affd* 43 NY2d 754).

Trial courts enjoy a broad range of discretion in supervising disclosure *(Graf v Aldrich,* 94 AD2d 823, 824; *Maggio v State of New York,* 88 AD2d 1087, 1088). CPLR 3101 (a) mandates "full disclosure of all evidence material and necessary in the prosecution or defense of an action", and is to be interpreted liberally in favor of disclosure *(Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403, 406-407). While the Superintendent is granted wide discretion to accept or reject applicants for appointment as railroad policeman *(see, Matter of Shedlock v Connelie,* 66 AD2d 433, *affd* 48 NY2d 943), that discretion may not be exercised in an arbitrary or capricious manner *(Matter of Wonderly v Division of N. Y. State Police,* 80 AD2d 974, 975). For petitioner to have a viable opportunity to challenge the Superintendent's determination as arbitrary and capricious, the information and documents upon which the determination was based must be available to him. All of this information is presently within the exclusive possession and knowledge of the Superintendent. Accordingly, with one limitation, we find Special Term's order of disclosure entirely proper. With respect to disclosure item (c), pertaining to the applications of other railroad police officers from 1978 through 1985, we direct, with petitioner's acquiescence, that the names and addresses of the respective applicants and/or confidential sources be redacted prior to disclosure. Moreover, while we agree that Special Term acted within its discretion in granting this particular request, we find it necessary to limit item (c) to applications before the Superintendent from 1982 through 1985, a period commencing with petitioner's initial discharge from Conrail.

MAHONEY, P. J., KANE, CASEY and LEVINE, JJ., concur.

Order modified, on the law and the facts, without costs, by

limiting disclosure item (c) in accordance with the decision herein, and, as so modified, affirmed.