■ LORENZO HERNANDEZ, Respondent, v EMPIRE MUTUAL INSURANCE COMPANY et al., Appellants and Third-Party Plaintiffs-Appellants. JURON AND MINZNER, P. C., Third-Party Defendant-Respondent, et al., Third-Party Defendant.—Order, Supreme Court, New York County (Shorter, J.), entered on or about March 19, 1985, which denied defendants and third-party plaintiffs' motion for summary judgment dismissing the complaint on the ground that the cause of action was barred by the Statute of Limitations and to dismiss the complaint for failure to state a cause of action, reversed, on the law, the motion for summary judgment is granted and the complaint is dismissed, without costs.

Plaintiff Lorenzo Hernandez fell off of a bar stool and broke his leg while a customer of the L & M Bar and Grill in Manhattan on March 8, 1975. The owner of the L & M Bar and Grill, Ralph Letizia, had died one week prior to the accident. Plaintiff retained third-party defendant Juron & Minzner, P. C., which commenced an action on September 23, 1975 by substituted service of a summons and complaint upon

Letizia, doing business as L & M Bar and Grill. Letizia's insurance carrier, Allcity Insurance Company (Allcity), advised its attorney, defendant Raymond MacDonnell, to defend the action on Letizia's behalf. MacDonnell served a notice of appearance on November 26, 1975, and an answer on March 25, 1976. The answer, *inter alia,* raised the affirmative defense of lack of jurisdiction. Plaintiff's subsequent motion to dismiss this defense was granted on default. Approximately two years later, plaintiff moved to strike Letizia's answer for failure to comply with pretrial discovery requests. At the time of plaintiff's motion to strike, the Statute of Limitations had expired on plaintiff's negligence action against Ralph Letizia since he had not made service of process upon Letizia's wife, Joan, who had been duly appointed as administratrix of his estate on May 2, 1975. *(In re Intini's Estate,* 138 NYS2d 768 [Sur Ct, Westchester County 1954]; CPLR 214 [5].) Defendant attorney, Adolph Salib, MacDonnell's associate, served an answering affidavit, sworn to on August 24, 1979, averring that no action was pending given his recent discovery that Ralph Letizia had died before the alleged accident. He also averred that he was informed that Joan Letizia had contacted plaintiff's attorneys to inform them that her husband was dead, and was told not to worry, but to forward the summons and complaint to the insurance carrier.* Special Term thereafter denied plaintiff's motion to strike the answer and dismissed plaintiff's complaint.

On August 13, 1982, approximately three years after his discovery of Letizia's death, plaintiff filed the complaint in the present action with the office of the New York County Clerk. The first cause of action in the complaint essentially alleged that the defendants were negligent in misleading plaintiff into believing that Ralph Letizia was alive, by improperly continuing to represent him for four years until plaintiff's personal injury claim became time barred, when they knew or should have known he was dead. As a second cause of action plaintiff alleged that the interposition of the notice of appearance and answer and other subsequent unspecified conduct on defendants' part constituted representations upon which he relied to his detriment. The defendants impleaded Juron & Minzner, P. C., and moved for summary judgment. In the order here on appeal, Special Term denied the motion.

---

* During her examination before trial Joan Letizia denied having telephoned plaintiff's attorneys. Plaintiff's attorney's affidavit submitted in opposition to the motion for summary judgment also denied receipt of such a telephone call.

The defendants were entitled to summary judgment dismissing the complaint because the causes of action for negligence and misrepresentation are barred by the applicable Statute of Limitations. Special Term erred in concluding that triable issues of fact were presented as to whether defendants improperly continued to appear to represent a person they knew or should have known was dead for four years. No evidence in the record supports plaintiff's allegations that the defendants made further misrepresentations after issue was joined on March 25, 1976. The Statute of Limitations for the negligence cause of action thus expired on March 26, 1979, three years after issue was joined. (CPLR 214 [5].) The cause of action for misrepresentation is also time barred under the theory of fraud, or the six-year general limitations period set forth in CPLR 213 (1). An action for fraud must be brought within six years of the complained-of misrepresentations (CPLR 213 [2], [8]), or two years after the person claiming injuries has learned of the fraud, whichever is later (CPLR 203 [f]; *see, Lazzaro v Kelly,* 87 AD2d 975, 976-977 [4th Dept 1982]). Under both the limitations period for fraud and the general limitations period, plaintiff had until March 26, 1982 to commence a timely action. We need not address plaintiff's contention that the defendants should be equitably estopped from asserting the Statute of Limitations defense. This contention is not preserved for appellate review since it was not raised before Special Term. *(Bile v Bile,* 95 AD2d 719 [1st Dept 1983].) Concur—Murphy, P. J., Asch, Kassal and Rosenberger, JJ.