■ BRIAN VAN WORMER et al., Appellants, v McCASLAND TRUCK CENTER, INC., et al., Respondents.—Yesawich, Jr., J. Appeals (1) from an order of the Supreme Court (Cheeseman, J.), entered June 26, 1989 in Albany County, which granted the motion of defendants Merritt J. McCasland, McCasland Truck Center, Inc. and Northern States Holding Corporation to dismiss the complaint of plaintiff V & S Excavating, Inc., (2) from an order of said court, entered June 26, 1989 in Albany County, which granted defendant Merritt J. McCasland's motion for summary judgment dismissing the complaint against him, (3) from an order of said court, entered July 3, 1989 in Albany County, which denied plaintiffs' cross motion for partial summary judgment against defendant Associates Commercial Corporation, (4) from an order of said court, entered August 22, 1989 in Albany County, which granted defendant Associates Commercial Corporation's motion for summary judgment dismissing the complaint and all cross claims against it, and (5) from an order of said court, entered Septem-

ber 5, 1989 in Albany County, which granted defendant Associates Insurance Company's motion for summary judgment dismissing the complaint and all cross claims against it.

Plaintiffs Brian Van Wormer and Frederick W. Sambrook (hereinafter collectively referred to as plaintiffs) are president and vice-president of plaintiff V & S Excavating, Inc. (hereinafter V & S). They attempted to purchase two trucks from defendant McCasland Truck Center, Inc. (hereinafter McCasland Inc.). Plaintiffs paid in full for one of the vehicles while McCasland Inc. agreed to arrange financing for the other. Plaintiffs agreed to have the purchased truck serve as collateral for the financing of the second truck. To effectuate a financing arrangement, McCasland Inc. sold the second truck to defendant Northern States Holding Corporation (hereinafter Northern), a leasing company, which then leased the truck to plaintiffs. Merritt J. McCasland, the individually named defendant, is president of both McCasland Inc. and Northern. Defendant Associates Commercial Corporation (hereinafter Associates Commercial), which furnished the financing for this sale, apparently required and obtained a security agreement giving it a security interest in both trucks. Under the terms of this security agreement, defendant Associates Insurance Company (hereinafter Associates Insurance) would provide insurance covering both vehicles subject to payment of the identified premium. According to plaintiffs, although the lease agreement profferred to them by Northern did not reflect the parties' oral financing arrangement, they were constrained to sign the lease because of pressing time commitments.

After receiving the trucks, plaintiffs unsuccessfully negotiated with McCasland Inc. and Northern to reform the lease and cancel the insurance. Plaintiffs subsequently defaulted and Northern repossessed the leased truck. Plaintiffs then commenced this action seeking reformation of the lease and sale agreements encompassing the two vehicles and damages for usury, wrongful repossession and violation of Banking Law article XII-B. Associates Commercial moved for summary judgment dismissing the complaint, Merritt McCasland, McCasland Inc. and Northern moved to dismiss the complaint of V & S for failure to state a cause of action, Merritt McCasland additionally moved for summary judgment and Associates Insurance also sought summary judgment in its favor. Plaintiffs interposed answering papers to the several motions and cross-moved for partial summary judgment against Associates Commercial. Supreme Court denied only plaintiffs' cross motion and granted all other motions. Plaintiffs now appeal.

Supreme Court rightly denied plaintiffs' motion for partial summary judgment against Associates Commercial and properly granted the latter's motion for summary judgment on plaintiffs' third cause of action alleging violations of Banking Law article XII-B. Whether the security agreement given to Associates Commercial is a premium finance agreement (see, Banking Law § 554 [8]) is irrelevant, for plaintiffs are not the insureds (see, Banking Law § 554 [4]) or otherwise parties to the agreement (see, Edgewood Serv. Co. v State Farm Auto. Ins. Co., 80 Misc 2d 672, 674). Accordingly, even if, as plaintiffs' complaint impliedly asserts, the statute provides for private enforcement (compare, Banking Law § 563 [2]), they have no standing to assert a cause of action against Associates Commercial because of any claimed noncompliance with Banking Law § 567. For the same reason, plaintiffs fail to assert a colorable claim against Associates Insurance, and the complaint was properly dismissed as to this defendant.

Supreme Court also correctly granted Associates Commercial's motion for summary judgment on the remaining causes of action in the complaint. Plaintiffs' first and second causes of action seek reformation of contracts to which Associates Commercial is not a party. Contrary to plaintiffs' contention, Associates Commercial is not a necessary party to the action for its security interest in the vehicles would be unaffected by reformation of either the lease or sale agreement (see, McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1001:2, at 369; see generally, 22 NY Jur 2d, Contracts, § 229, at 77-78). Summary judgment in favor of Associates Commercial on plaintiff's first and second causes of action was therefore appropriate.

Similarly, because Associates Commercial loaned money only to Northern, there is no basis to impose liability upon it by way of the fifth cause of action, which charges usury. The fourth cause of action, asserting damages based on wrongful repossession and trespass, is equally ineffectual insofar as it is directed at Associates Commercial; the record indicates that Northern, not Associates Commercial, repossessed the financed vehicle. That rider A to the security agreement provided that Northern had no authority to repossess the vehicle without first securing Associates Commercial's permission, without more, does not establish that the latter was in any way involved in this activity. Furthermore, this argument was not made to Supreme Court and therefore cannot be credited on appeal (see, Matter of Mooney v Superintendent of N. Y. State Police, 117 AD2d 445, 447).

Regarding Merritt McCasland's motion for summary judgment dismissing the complaint against him individually, plaintiffs in their brief emphasize that the only claim being asserted against this defendant is the intentional tort of wrongful repossession. Merritt McCasland, as the proponent of this CPLR 3212 motion, must offer sufficient admissible evidence to negate the existence of triable issues of fact (see, *Winegard v New York Univ. Med. Center,* 64 NY2d 851, 853). To meet this burden, he tendered an affidavit which can be read as essentially denying that he "participate[d] in any aspect of the transactions described in the amended complaint in any capacity *other than* as officer of defendant McCasland Truck Center, Inc. and Northern States Holding Corporation" (emphasis supplied). However, corporate directors and officers who commit or participate in the commission of a tort, even if it be for the corporation's benefit, can indeed be held personally liable for any ensuing injuries (15 NY Jur 2d, Business Relationships, § 1076, at 350; *see, e.g., Fleck v Perla,* 40 AD2d 1069, 1070). Accordingly, summary judgment was inappropriately granted in favor of Merritt McCasland.

Lastly, McCasland Inc. and Northern's motion to dismiss V & S' complaint must be addressed. Accepting the allegations in the complaint as true for purposes of their motion (see, *Kinnarney v Natale Auto Body,* 157 AD2d 938), an inference can reasonably be drawn that these defendants knew V & S would benefit from the contract. Plaintiffs informed McCasland Inc. and Northern that they intended to use the trucks to satisfy V & S' existing contracts. Thus, V & S may be a third-party intended beneficiary to these agreements, and is therefore a proper party to this action (see, *Bonwell v Stone,* 128 AD2d 1013, 1014; *see generally,* 22 NY Jur 2d, Contracts, § 271, at 130-132). It was error, therefore, for Supreme Court to remove V & S from the action.

Order entered June 26, 1989 granting the motion of various defendants to dismiss the complaint of plaintiff V & S Excavating, Inc. reversed, on the law, without costs, and motion denied.

Order entered June 26, 1989 granting defendant Merritt J. McCasland's motion for summary judgment dismissing all claims against him reversed, on the law, without costs, and motion denied.

Orders entered July 3, 1989, August 22, 1989 and September 5, 1989 affirmed, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.