■ MODULARS BY DESIGN, INC., Appellant, v DBJ DEVELOPMENT CORPORATION et al., Respondents.—Mercure, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Dickinson, J.), entered January 30, 1990 in Putnam County, which, *inter alia,* granted defendants' motion to dismiss the complaint.

Defendant DBJ Development Corporation (hereinafter defendant) was the owner of a 55-acre parcel of real property in the Town of Kent, Putnam County. Defendant applied to the Town for approval of the subdivision of the property into section I, containing eight lots, and section II, containing 19 lots, as shown on a plat prepared by its engineer. On February 20, 1987, prior to final approval of the subdivision, defendant entered into a written contract with plaintiff, as purchaser, for the sale of section I and the grant of an option for the purchase of section II. The contract provided in pertinent part:

"7. All notes or notices of violations of law or municipal ordinances, orders or requirements noted in or issued by the Departments of Housing and Buildings, Fire, Labor, Health, or other State or Municipal Department having jurisdiction, against or affecting the premises at the date hereof, shall be complied with by [defendant] and the premises shall be conveyed free of the same, and this provision of this contract shall survive delivery of the deed hereunder. [Defendant] shall furnish [plaintiff] with an authorization to make the necessary searches therefor. * * *

"31. [Plaintiff] acknowledges that [defendant] has applied for approval of a subdivision plan consisting of twenty-seven

building lots in 2 sections shown on subdivision plat prepared by John H. Prentiss, P.E. * * * [Plaintiff] agrees, at its expense, to undertake the further prosecution of said subdivision map as of the date hereof, and to obtain final approval of said subdivision map, including the filing thereof in the office of the County Clerk of Putnam County * * *

"32. [Plaintiff] agrees to promptly and diligently prosecute the application for final approval of the said subdivision map. * * *

"50. It is specifically agreed and understood that in the event [plaintiff] shall not have received subdivision approval on Section I by July 31, 1987, after diligent efforts, [plaintiff] may elect to rescind the contract * * * or proceed to closing by waiving the contingency of subdivision approval".

The closing on section I took place on December 18, 1987. At that time, subdivision approval on section I had not been obtained. On November 23, 1988, the Town Building Department issued an order to remedy violation, on the basis that the property had been illegally subdivided without Planning Board approval. In September 1989, plaintiff commenced this action against defendant and its principal, defendant Florendo Grieco, by service of a summons and a complaint alleging (1) breach of the February 20, 1987 contract by refusing to join in the necessary applications before the appropriate municipal boards to permit subdivision of the property, (2) slander of title, (3) intentional and malicious interference with plaintiff's property rights, (4) trespass, (5) breach of the February 20, 1987 contract by refusing to cure the notice of violation, and (6) declaratory and injunctive relief based upon the foregoing. Prior to service of an answer, defendants moved to dismiss the complaint. Supreme Court granted the motion and plaintiff appeals.

We agree with Supreme Court's dismissal of the causes of action arising out of defendants' alleged breach of the February 20, 1987 contract. Clearly, the contract's specific provision that plaintiff shall be responsible for obtaining necessary subdivision approvals controls over the generalized language of the preprinted "boilerplate" paragraph 7 requiring defendant to remedy violations of State and municipal laws, ordinances, orders or requirements (see, Waldman v New Phone Dimensions, 109 AD2d 702, 704). Plaintiff made a conscious election to waive the contract's contingency clause and close on the property prior to obtaining necessary subdivision approval. As such, it is bound by the consequences of its election

and may not place obligations upon defendant which it expressly assumed *(see, Marino v Dwyer-Berry Constr. Corp.,* 146 AD2d 751, 752). We also agree that the causes of action alleging slander of title and tortious interference are facially defective, as the former fails to allege malice *(see,* 5 Warren's Weed, New York Real Property, Slander of Title, §§ 3.01, 3.04 [4th ed]) and neither alleges special damages *(see, Mahoney v Temporary Commn. of Investigation,* 165 AD2d 233, 239; *Brown v Bethlehem Terrace Assocs.,* 136 AD2d 222, 224; *Zausner v Fotochrome,* 18 AD2d 649).

Supreme Court did err, however, in dismissing plaintiff's fourth cause of action, alleging trespass as the result of defendant's entry upon plaintiff's land to dig test holes, and that part of the sixth cause of action which seeks to enjoin further trespasses. Because the trespass complained of does not arise out of the parties' contract and occurred subsequent to the conveyance of section I to plaintiff, the doctrine of merger has no application. Moreover, the allegation that Grieco, defendant's president, "control[led] [defendant's] activities for his own personal benefit and use" suffices to state a cause of action in trespass against him because "corporate directors and officers who commit or participate in the commission of a tort, even if it be for the corporation's benefit, can indeed be held personally liable for any ensuing injuries" *(Van Wormer v McCasland Truck Center,* 163 AD2d 632, 635).

Mahoney, P. J., Weiss, Levine and Harvey, JJ., concur. Ordered that the judgment is modified, on the law, with costs to plaintiff, by reversing so much thereof as granted defendants' motion dismissing plaintiff's fourth cause of action and so much of the sixth cause of action as seeks to enjoin further trespasses; defendants' motion denied to that extent and defendants are directed to serve their answer within 10 days after the date of this court's decision; and, as so modified, affirmed.