■ BOARD OF MANAGERS OF THE GRAMERCY PARK HABITAT CONDOMINIUM, Respondent, v DONALD ZUCKER et al., Appellants, et al., Defendants.—Order, Supreme Court, New York County (Beverly S. Cohen, J.), entered on or about March 26, 1992, which, insofar as appealed from, denied defendants-appellants' motion for leave to serve an amended answer containing the defense of Statute of Limitations, unanimously affirmed, without costs.

Inasmuch as the action sounds in fraudulent misrepresentation, it had to be brought within six years of the complained of misrepresentations or two years after plaintiff discovered the fraud, whichever was later (Hernandez v Empire Mut. Ins. Co., 121 AD2d 259, 261). The complaint alleges that while the purportedly fraudulent misrepresentations were made in or around 1983, they were not discovered until 1990, less than a year prior to the commencement of the action in 1991. Since defendants come forward with no facts to cast doubt on the truth of the alleged 1990 discovery date, the proposed defense plainly lacks merit and was properly rejected notwithstanding the liberal policy governing amendment of pleadings. Concur—Sullivan, J. P., Ellerin, Wallach, Ross and Rubin, JJ.

■ CHADWICK SAMUELS, Appellant, v RAMADA, INC., Defendant, and PACE MANAGEMENT CORP. et al., Respondents.—Order, Supreme Court, New York County (Lewis R. Friedman, J.), entered June 25, 1992, which granted defendants' motion for a change of venue to Monroe County, unanimously affirmed, without costs.

Plaintiff alleges that while he was attending a party at defendants' hotel in Rochester, New York, an altercation developed inside the hotel and moved to the parking lot where plaintiff was stabbed several times. Venue was initially placed in New York County. Appellants moved with due diligence to change venue. In the circumstances, it was clearly a proper exercise of discretion to change venue to Monroe County, where the cause of action arose (Hoyt v Le Bel, 120 AD2d 973), where a speedier trial might be had (Quick Constr. Corp. v Loribeth Theatres, 186 AD2d 546, 547), and where the convenience of material, nonparty witnesses would best be served (CPLR 510 [3]). Concur—Milonas, J. P., Rosenberger, Kupferman, Asch and Kassal, JJ.

■ RESIDENTIAL BOARD OF MANAGERS OF ZECKENDORF TOW-