■ In the Matter of LENOX TERRACE DEVELOPMENT ASSOCIATES, Appellant, v LUCIUS J. RICCIO, as Commissioner of the New York City Department of Transportation, et al., Respondents. [606 NYS2d 183] —Judgment, Supreme Court, New York County (Edward H. Lehner, J.), entered September 18, 1992, which denied the petition seeking to annul the respondents' determination that petitioner be charged pursuant to Administrative Code of the City of New York § 19-152 for the costs of restoring the defective sidewalks abutting its property, unanimously affirmed, without costs.

Petitioner failed to comply with Administrative Code § 19-152 requiring that it repair approximately 10,000 square feet of sidewalk. Such failure permitted respondents to engage an independent contractor to complete the work. While the statute has been amended to protect against overbilling by respondents' contractors, by requiring greater specificity in the notice, petitioner waived the issue for appellate review by not raising it below (Hernandez v Empire Mut. Ins. Co., 121 AD2d 259, 261). Were we to consider the issue reversal would not be warranted since respondents were denied the opportunity to show that the additional work was discovered only by removing portions of the existing sidewalks, and that therefore the cited amendment would have no impact on the result.

We have reviewed petitioner's remaining contentions and find them to be without merit. Concur—Carro, J. P., Wallach, Asch and Nardelli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QUI TRAN, Appellant. [608 NYS2d 67] —Judgment, Supreme Court, New York County (Franklin Weissberg, J.), rendered March 26, 1991, convicting defendant, upon his plea of guilty, of two counts of manslaughter in the second degree, and sentencing him to consecutive terms of five to fifteen years, unanimously affirmed.

We find that, under the plea agreement, defendant intelligently and voluntarily waived his right to appeal and any claim as to excessiveness in exchange for a highly favorable sentence (People v Seaberg, 74 NY2d 1, 11-12). Were we to review defendant's sentence in the interest of justice, we would find no merit to the claim. Concur—Carro, J. P., Wallach, Asch and Nardelli, JJ.