■ PHILIP J. MIGLIORE, Appellant, v SHERRYL MANZO, Respondent. [813 NYS2d 762]—

In an action to reform a contract and to recover damages for breach of restrictive covenant, the plaintiff appeals from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated April 26, 2004, which granted the defendant's motion for summary judgment dismissing the complaint, directed that the plaintiff's attorney release payments held in escrow to the defendant's attorney, and directed that future payments be made directly to the defendant.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion which was for summary judgment dismissing the third cause of action and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements, and the third cause of action is reinstated.

In September 1999 the plaintiff purchased shares of stock owned by the defendant in Circle Appraisers, Ltd. (hereinafter the Company), a corporation engaged in the business of real estate appraisal. The sale was made pursuant to a written contract and both sides were represented by counsel.

In this action—commenced in March 2003—the plaintiff seeks reformation of the contract based on "mutual mistake" and "fraudulent inducement" theories. Specifically, the plaintiff alleges that: (1) although the written contract called for a sale of the stock, the parties actually intended to effectuate a sale of the Company's assets, and (2) during the negotiations, the defendant misrepresented the Company's income and expenses. The plaintiff also alleges that the defendant breached the restrictive covenant/noncompete provision set forth in the contract.

As a preliminary matter, the Supreme Court erred in dismissing the entire complaint based upon the plaintiff's failure to join his father, Philip Joseph Migliore, as a necessary party. The plaintiff incorrectly argues that the Supreme Court should not have considered the issue of his alleged failure to join a necessary party since the defendant raised it for the first time in her reply papers. The absence of a necessary party may be raised at any stage of the proceedings, by any party or by the court on its own motion (*see Solomon v Solomon,* 136 AD2d 697 [1988]; *Matter of Estate of Prospect v New York State Teachers' Retirement Sys.,* 13 AD3d 699 [2004]).

CPLR 1001 provides: "(a) Parties who should be joined. Persons who ought to be parties if complete relief is to be accorded between the persons who are parties to the action or who might be inequitably affected by a judgment in the action shall be made plaintiffs or defendants." The plaintiff's first two causes of action seek reformation of the contract on the grounds of mutual mistake and fraudulent inducement. A party seeking to invoke equity to reform a written agreement based upon a purported mistake bears the burden of showing a mutual mistake by clear and convincing evidence (*see Ross v Food Specialties,* 6 NY2d 336 [1959]). In the absence of fraud, the mistake shown must be one made by both parties to the agreement, so that the intentions of neither are expressed in it (*see*

*Amend v Hurley*, 293 NY 587, 595 [1944]). Thus, in the context of a reformation action, the court must look to the four corners of the document and any evidence establishing the parties' intention (*see generally Rosen Auto Leasing, Inc. v Jacobs*, 9 AD3d 798 [2004]). Here, it is undisputed that the plaintiff and the defendant were the only signatories to the contract. While the plaintiff may have transferred his shares to his father subsequent to the execution of the contract, the defendant failed to demonstrate that the father's joinder was necessary to accord full relief to the parties on the first and second causes of action, which deal strictly with issues regarding the contract's execution (*see CBS Corp. v Dumsday*, 268 AD2d 350 [2000]; *Van Wormer v McCasland Truck Ctr.*, 163 AD2d 632 [1990]).

Notwithstanding the above, with respect to the first and second causes of action seeking reformation, we agree with the Supreme Court that the defendant met her prima facie burden of demonstrating entitlement to judgment as a matter of law, and that, in opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). In this regard, "[w]here a written agreement between sophisticated, counseled businessmen is unambiguous on its face, one party cannot defeat summary judgment by a conclusory assertion that, owing to mutual mistake or fraud, the writing did not express his own understanding of the oral agreement reached during negotiations" (*Chimart Assoc. v Paul*, 66 NY2d 570, 571 [1986]; *see George Backer Mgt. Corp. v Acme Quilting Co.*, 46 NY2d 211, 218-221 [1978]).

In the third cause of action, the plaintiff alleges that the defendant breached the contract's restrictive covenant. The defendant, in moving for summary judgment, conceded that the money she earned from appraisal work performed in 2002 and 2003 was paid to her husband's company, which is located in the geographic area covered by the restrictive covenant. As triable questions of fact exist on this cause of action, the Supreme Court erred in dismissing it. To the extent that the defendant asserted for the first time in her reply papers that the plaintiff violated the parties' stock pledge agreement by transferring the shares to his father, dismissal is not warranted for failure to join a necessary party (*see* CPLR 1001 [a]; *Matter of Long Is. Contractors' Assn. v Town of Riverhead*, 17 AD3d 590 [2005]).

Finally, we find no error in the order insofar as it directed that money held in escrow be released to the defendant and that future payments be made directly to the defendant. In this regard, we note, inter alia, that the plaintiff's surviving claim alleging breach of the restrictive covenant seeks damages as op-

posed to indemnification. Thus, the contract's provision for deposit of money into escrow while an indemnification dispute is pending is inapplicable. Miller, J.P., Ritter, Luciano and Dillon, JJ., concur.