WESTCHESTER COUNTY CORRECTION OFFICERS BENEVOLENT ASSOCIATION, INC., et al., Appellants, v COUNTY OF WESTCHESTER et al., Respondents. [953 NYS2d 623]—

The plaintiffs, the Westchester County Correction Officers Benevolent Association, Inc., and individually named retired correction officers, commenced this action to recover damages for breach of contract based on the defendants' failure to pay the individual plaintiffs benefits equivalent to those provided by the Worker's Compensation Law for loss of earning capacity due to permanent partial disability. The plaintiffs contend that any correction officer who has been receiving disability benefits pursuant to General Municipal Law § 207-c and who then receives a disability retirement pension upon the County of Westchester's application is entitled, upon retirement, to benefits equivalent to those provided by the Workers' Compensation Law for loss of earning capacity due to permanent partial disability. The plaintiffs argue that the parties' intention at the

time that the collective bargaining agreement (hereinafter the CBA) was negotiated was to assure that the correction officers were afforded all of their rights under the Workers' Compensation Law. The plaintiffs admit in the complaint that the CBA "is silent as to awards for permanent partial disability." The defendants contend, inter alia, that, since the CBA is silent as to such awards, the correction officers are not entitled, upon retirement, to Workers' Compensation awards for permanent partial disability.

The Supreme Court properly denied that branch of the plaintiffs' cross motion which was for summary judgment on the complaint. A breach of contract cause of action fails as a matter of law in the absence of any showing that a specific provision of the contract was breached (*see Trump on the Ocean, LLC v State of New York*, 79 AD3d 1325, 1326 [2010]). Here, the plaintiffs failed to identify a specific provision in the CBA that requires the defendants to pay benefits equivalent to those paid pursuant to the Workers' Compensation Law for loss of earning capacity due to permanent partial disability. Accordingly, the plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law.

The Supreme Court properly granted the defendants' motion pursuant to CPLR 4401, made at the close of evidence, for judgment as a matter of law. "[W]hen the terms of a written contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving practical interpretation to the language employed and the parties' reasonable expectations. Thus, a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (*Dysal, Inc. v Hub Props. Trust*, 92 AD3d 826, 827 [2012] [citations omitted]). Furthermore, "[i]nterpretation of an unambiguous contract provision is a function for the court, and matters extrinsic to the agreement may not be considered when the intent of the parties can be gleaned from the face of the instrument. A court should not imply a term which the parties themselves failed to include" (*2632 Realty Dev. Corp. v 299 Main St., LLC*, 94 AD3d 743, 745 [2012] [internal quotation marks and citations omitted]). Here, the CBA is complete, clear, and unambiguous on its face. The specific provisions of the CBA do not provide for the retirement benefits sought by the plaintiffs, and their reliance upon generalized language in the CBA is unavailing (*see generally Modulars By Design v DBJ Dev. Corp.*, 174 AD2d 885, 886 [1991]).

The plaintiffs' remaining contentions are without merit. Rivera, J.P., Chambers, Hall and Roman, JJ., concur.